# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**PAUL DANIELS, JR.,**

      **Plaintiff,**

                                     **Civil Action 2:10-cv-00968**
**vs.**                                    **Judge Algenon L. Marbley**
                                     **Magistrate Judge E. A. Preston Deavers**

**JOHN DOE LISATH,** *et al.,*

      **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Paul Daniels, Jr., a state inmate who is proceeding with out the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants,[1] seeking monetary and injunctive relief.  This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for failure to state claim

---

[1]Plaintiff Daniels names the following Defendants in both their individual and official capacities in his Complaint: John Doe Lisath, Deputy Warden at the Ross Correctional Institution ("RCI"); Robert Whitten, RCI Inspector of Institutional Services; John Doe Kern, RCI Correctional Supervisor; John Doe Crabtree, RCI Correctional Officer; Gary Croft, Ohio Department of Rehabilitation and Correction's Chief Inspector of Institutional Services; and unnamed RCI corrections officers.  (Daniels Compl. ¶¶ 5, 13–17, 32, ECF No. 9.)

upon which relief can be granted.

Plaintiff asserts that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they charged him First Class Mail rates even though he requested that his mail be sent out Third Class or "the cheapest rate possible." In response to his internal grievances, Defendant Kern indicated that RCI has no control over the postal rates and further represented that RCI's mail room machine did not allow RCI to send Third Class mail. Plaintiff alleges that it is not the machine, but the Defendants' failure to read and follow the machine's instructions. He further alleges that with proper machine training, he would not have been forced to incur the increased postal charges. Plaintiff asserts that Defendant Whitten's failure to conduct a thorough enough investigation into his allegations of postage overcharges violated his Eighth Amendment rights. He maintains that Defendants should be prosecuted and requests that this Court contact the U.S. District Attorney regarding Defendants' actions.

"'To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

Plaintiff's claims concerning the postage overcharges fail because there is no constitutionally protected interest in obtaining postage as inexpensively as possible. *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (citation omitted) (holding that the inmate had no constitutionally protected interest in buying stamps as cheaply as possible); *Greenwell v. Fackler*, No. 3:10CV-P53-H, 2010 WL 935441, at *2 (W.D. Ky. March 11, 2010) (dismissing inmates claims of postage overcharges under 28 U.S.C. § 1915A); *Hardin v.*

2

*Johnson*, No. 1:08CV036-A-D, 2008 WL 906489, at *4 (N.D. Miss. April 1, 2008) (same).

Likewise, his failure to investigate claims fail because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). To the extent Plaintiff is claiming that the grievance procedure failed to produce the outcome he desired, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at * 1 (6th Cir. Aug. 03, 1998) (citing *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119 (1977) (Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated.").

Finally, this Court does not have the authority launch criminal investigations, file criminal charges, or to direct the prosecutor to file charges. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

In sum, having conducted the necessary screening under Sections 1915(e)(2) and 1915A, the undersigned finds no cognizable claims in Plaintiff's Complaint. Thus, the undersigned **RECOMMENDS** that this Court **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


December 7, 2010                                            /s/ *Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge