### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**PAUL DANIELS, JR.,**

       **Plaintiff,**

                                         **Civil Action 2:10-cv-00968**

  **v.**                                   **Judge Algenon L. Marbley**

                                         **Magistrate Judge E.A. Preston Deavers**

**JOHN DOE LISATH,** *et al.,*

       **Defendants.**

### OPINION AND ORDER

Plaintiff, Paul Daniels, Jr., a state inmate who is proceeding with out the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants,[1] seeking monetary and injunctive relief. This matter is before the Court for consideration of Plaintiff's December 20, 2010 Objections (ECF No. 15) to the United States Magistrate Judge's December 7, 2010 Initial Screen Report and Recommendation (ECF No. 11) recommending that the Court dismiss this action for failure to state a claim upon which relief can be granted, Plaintiff's Motion to Appoint Counsel (ECF No. 2), and Plaintiff's Motion to Amend (ECF No. 16). For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES AS MOOT** Plaintiff's Motion to

---

[1]Plaintiff Daniels names the following Defendants in both their individual and official capacities in his Complaint: John Doe Lisath, Deputy Warden at the Ross Correctional Institution ("RCI"); Robert Whitten, RCI Inspector of Institutional Services; John Doe Kern, RCI Correctional Supervisor; John Doe Crabtree, RCI Correctional Officer; Gary Croft, Ohio Department of Rehabilitation and Correction's Chief Inspector of Institutional Services; and unnamed RCI corrections officers. (Daniels Compl. ¶¶ 5, 13–17, 32, ECF No. 9.)

Appoint Counsel, and **DENIES** Plaintiff's Motion to Amend.  Accordingly, the Court

**DISMISSES** this action for failure to state a claim upon which relief can be granted under 28

U.S.C. §§ 1915(e)(2) and 1915A.

## I.    BACKGROUND

The Magistrate Judge summarized Plaintiff's allegations as follows:

> Plaintiff asserts that Defendants violated his Eighth Amendment right to be free
> from cruel and unusual punishment when they charged him First Class Mail rates
> even though he requested that his mail be sent out Third Class or "the cheapest
> rate possible."  In response to his internal grievances, Defendant Kern indicated
> that RCI has no control over the postal rates and further represented that RCI's
> mail room machine did not allow RCI to send Third Class mail.  Plaintiff alleges
> that it is not the machine, but the Defendants' failure to read and follow the
> machine's instructions.  He further alleges that with proper machine training, he
> would not have been forced to incur the increased postal charges.  Plaintiff asserts
> that Defendant Whitten's failure to conduct a thorough enough investigation into
> his allegations of postage overcharges violated his Eighth Amendment rights.  He
> maintains that Defendants should be prosecuted and requests that this Court
> contact the U.S. District Attorney regarding Defendants' actions.

(Report and Recommendation 2, ECF No. 11.)  She then set forth the standards a Court must

consider in evaluating a § 1983 claim:

> "'To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that,
> when construed favorably, establish (1) the deprivation of a right secured by the
> Constitution or laws of the United States (2) caused by a person acting under the
> color of state law.'"  *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010)
> (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

(*Id.* at 2.)  Finally, the Magistrate Judge analyzed Plaintiff's claims as follows:

> Plaintiff's claims concerning the postage overcharges fail because there is
> no constitutionally protected interest in obtaining postage as inexpensively as
> possible.  *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003)
> (citation omitted) (holding that the inmate had no constitutionally protected
> interest in buying stamps as cheaply as possible); *Greenwell v. Fackler*, No.
> 3:10CV-P53-H, 2010 WL 935441, at *2 (W.D. Ky. March 11, 2010) (dismissing

inmates claims of postage overcharges under 28 U.S.C. § 1915A); *Hardin v. Johnson*, No. 1:08CV036-A-D, 2008 WL 906489, at *4 (N.D. Miss. April 1, 2008) (same).

Likewise, his failure to investigate claims fail because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). To the extent Plaintiff is claiming that the grievance procedure failed to produce the outcome he desired, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at * 1 (6th Cir. Aug. 03, 1998) (citing *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119 (1977) (Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated.").

Finally, this Court does not have the authority launch criminal investigations, file criminal charges, or to direct the prosecutor to file charges. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); *see also Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

(*Id*. at 2–3.)

Plaintiff, in his Objections, does not object to the Magistrate Judge's characterization of the applicable law or analysis. Instead, he asserts that he "may have mis-worded the Complaint to make it appear that he was requesting the cheapest postage stamp or the cheap[est] embossed envelope possible." (Pl.'s Objections 2, ECF No. 15.) He explained that he discovered that he had been consistently been overcharged for postage due to the correctional staff's neglect in failing to read and follow the postage machine's instruction manual. He asserts that Defendants have deprived him of his "privilege/right to be able to send his mail out at a rate which is comfortable to him and within his financial budget." (*Id*. at 3.)

In his December 22, 2010 Motion to Amend, Plaintiff references the inability of the United States Marshal Service to effect service upon two of the John Doe Defendants and seeks

to Amend his Complaint to "add the proper names of the unserved parties to this action." (Pl.'s Mot. to Amend 1, ECF No. 16.)

## II.    STANDARDS

### A.    Review of the Report and Recommendation

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the instant case, the Magistrate Judge reviewed Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which was frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e), the Court must perform an initial screen of Plaintiff's Complaint. Specifically, 28 U.S.C. § 1915(e) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>        *    *    *
>
> (B) the action or appeal--
>
>     (i)  is frivolous or malicious;
>     (ii)  fails to state a claim on which relief may be granted; or
>     . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

conducting an initial screen of Plaintiff's Complaint, the Court recognizes that Plaintiff is proceeding without the benefit of an attorney. A *pro se* litigant's pleadings must be, and in this instance are construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

**B.      Amendment of the Complaint**

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). A proposed amendment will be futile if the proposed amended complaint would not survive a motion to dismiss. *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.2000)).

### III.    ANALYSIS

**A.      Plaintiff's Objections**

Plaintiff does not challenge the Magistrate Judge's analysis or conclusions with regards to his failure to investigate claims or his requests that the Court initiate the prosecution of Defendants. The Court therefore **ADOPTS** the Magistrate Judge's analysis and conclusions concerning these issues.

Plaintiff challenges only the Magistrate Judge's conclusions concerning his postage overcharge claims, implying that she may have misunderstood his claims because he "may have mis-worded the Complaint." (Pl.'s Objections 2, ECF No. 15.) In his Objections, he makes

5

clear that he is not seeking "the cheapest postage stamp or the cheap[est] embossed envelope" available. (*Id*.) Instead, Plaintiff seeks only "to be able to send his mail out at a rate which is comfortable to him and within his financial budget." (*Id*. at 3.)

Plaintiff's Objection is not well-taken. Plaintiff cites no authority suggesting that he has a constitutionally protected right to obtain postage "at a rate which is comfortable to him and within his financial budget." (*Id*.) Instead, the case law the Magistrate Judge set forth in her Report and Recommendation demonstrates that no such right exists. (*See* Report and Recommendation 2–3, ECF No. 11.) The Court therefore **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's analysis on this issue.

### B.    Plaintiff's Motion to Amend

Plaintiff seeks to amend his Complaint only to "add the proper names of the unserved parties to this action." (Pl.'s Mot. to Amend 1, ECF No. 16.) Thus, allowing amendment would be futile because, for the reasons described above, the proposed amended complaint would still fail to allege facts sufficient to state any claim against Defendants. The Court therefore **DENIES** Plaintiff's Motion to Amend.

### C.    Plaintiff's Motion to Appoint Counsel

The Court's determination that Plaintiff has failed to state a claim renders Plaintiff's Motion to Appoint Counsel moot. (ECF No. 2.)

### IV.    DISPOSITION

Having conducted the necessary screening of Plaintiff's Complaint under Sections 1915(e)(2) and 1915A and finding no cognizable claims, the Court **OVERRULES** Plaintiff's Objections (ECF No. 15) and **ADOPTS** the Magistrate Judge's Report and Recommendation

(ECF No. 11). In addition, the Court **DENIES AS MOOT** Plaintiff's Motion to Appoint

Counsel (ECF No. 2) and **DENIES** Plaintiff's Motion to Amend as futile (ECF No. 16).

Accordingly, the Court **DISMISSES** this action for failure to state a claim upon which relief can

be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A.

      **IT IS SO ORDERED.**

                                    **s/Algenon L. Marbley**
                                 **ALGENON L. MARBLEY**
                               **UNITED STATES DISTRICT COURT**

**DATED: July 13, 2011**